[No. 5187.   Decided January 26, 1905.]

SAMUEL SHOWALTER et al., Appellants, v. HENRY M. SHOWALTER et al., Respondents.[1]

APPEAL AND ERROR—REVIEW—FINDINGS. In an action upon an alleged contract to purchase and hold lands for the use and benefit of plaintiff, findings for the defendants, dismissing the action, must be sustained where the only testimony was that of the plaintiff, who did not refer to the making of the contract or to any violation thereof.

Appeal from a judgment of the superior court for Spokane county, Kennan, J., entered October 14, 1903, upon findings in favor of the defendants, after a trial before the court without a jury, dismissing on the merits an action of ejectment. Affirmed.

*L. H. Prather,* for appellants.

*Poindexter & Kimball,* for respondents.

DUNBAR, J.—The plaintiffs complain of defendants and allege, that on the —— day of July, 1897, plaintiffs were the owners in fee simple of certain described land in Spo-

[1]Not yet reported in Pac. Rep.

kane county; that the same was mortgaged to the Provident Trust Company for the security of a loan by said company to plaintiffs of the sum of $900; that in July, 1897, the company being about to bring suit to foreclose said mortgage, it was agreed by and between the plaintiffs, and Henry M. Showalter and Geo. W. Showalter, two sons of plaintiffs, that plaintiffs should make no defense against said suit, providing that said company would consent to buy in said land at the foreclosure sale, and agree to give the defendant Henry M. Showalter a contract under which he could purchase said land of said company on certain terms, and that said Henry M. Showalter should take the said contract in his name for the use and benefit of the plaintiffs, and that when the purchase price should be paid the said land should be the property of plaintiffs, and that during all the times then and thereafter the plaintiffs should remain in possession of said property and use the same as their own; that, in accordance with this outlined agreement, the property was bought in by the company and sold to Henry M. Showalter; that in March, 1901, while the plaintiffs were rightfully in possession of said land, the defendants, in violation of the agreement theretofore entered into, wrongfully, and by force and unbearable indignities, ousted plaintiffs from the possession of said land, and themselves, wrongfully and by force, took possession thereof, and still hold the same, to the plaintiffs' damage in the sum of $1,000. The demand is for judgment for the possession of said land, and for the sum of $1,000, and that the defendants Henry M. Showalter and Abbie Showalter, his wife, be required to execute and deliver a good and sufficient deed of conveyance to said land to the plaintiffs. The answer was a denial of all the essential allegations of the complaint.

The plaintiff, Samuel Showalter, testified in his own behalf. The plaintiff then rested his case. Whereupon the defendants moved the court for a judgment in their favor dismissing the action, and for their costs and disbursements, and, after having heard argument of counsel thereon and the matter being further considered, the court made certain findings of fact; which are to the effect that no agreement of any kind had been proven between the plaintiffs and defendants, or between the plaintiffs and the mortgagee, the Provident Trust Company; that the defendant Henry M. Showalter did not, with intent to defraud the plaintiffs, wrongfully and fraudulently procure a deed of conveyance to said property; that the said plaintiffs are not rightfully in possession of said land under and by virtue of said agreement, and that the defendants did not, by force or unbearable indignities, oust plaintiffs from the possession of said land to the damage of $1,000, or any sum. The motion of the defendants was granted, and the cause dismissed, with costs and disbursements to be recovered from the plaintiffs, judgment was entered in accordance with the findings, and from such judgment this appeal is taken.

The defendants excepted to the findings of fact and conclusions of law, and excepted to the action of the court in refusing to make findings suggested by them. From a perusal of the record in this case, it is evident that no other findings could have been made than those made by the trial court. No testimony was offered except that of the plaintiff Samuel Showalter, who in his testimony did not refer, or attempt to refer, to the making of the contract set forth in the complaint, or to its violation in any particular. His testimony was simply a rambling, incoherent statement of domestic trouble between himself and his wife and his boys, and of alleged indiscretions of the

boys in connection with other people, and upon subjects generally that had not the least relevancy or materiality to the issues made by the pleadings. The appeal seems to be totally without merit, and the judgment is therefore affirmed.

MOUNT, C. J., and HADLEY and FULLERTON, JJ., concur.